IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| QUINDRE JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 3:19-cv-299-WHA-CSC |
| ) | (WO) |
| STEVEN T. MARSHALL, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Quindre Jackson's petition for writ of habeas corpus under 28 U.S.C. § 2254, by which Jackson challenges a civil contempt order entered by the Macon County Juvenile Court in February 2019. Docs. 1, 9.[1]

## I.  BACKGROUND

### A.  Juvenile Court Proceedings

In February 2017, Jackson was served with a petition for contempt for failure to pay child support and an order to appear at a hearing on the matter in the Macon County Juvenile Court. Doc. 14-3. Jackson failed to appear at the hearing. When he failed to appear at several more scheduled hearings after that, a writ for his arrest was issued. Doc. 14-3 at 1–2.

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the Court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

On February 13, 2019, a hearing on the child-support matter was held in the juvenile court, at which Jackson was present and testimony was taken. Doc. 14-3 at 1. On February 15, 2019, the juvenile court entered a civil contempt order against Jackson for continued failure to pay child support. Doc. 14-3. The juvenile court's order directed that Jackson be put in the county jail if he did not purge himself of contempt by (1) paying $37 to the Alabama Child Support Payment Center by February 22, 2019, and (2) making monthly payments of $37 until he paid off $1,066 in interest he owed on child-support arrearage. Doc. 14-3 at 2. The juvenile court also ordered that Jackson appear at a hearing "for further review" on March 20, 2019. *Id*. Jackson failed to appear at that hearing, and on March 22, 2019, the juvenile court issued a warrant to arrest him for failing to appear.[2] Doc. 14-5.

Jackson did not seek review of the juvenile court's February 15, 2019 contempt order, either by appeal to a state appellate court or to the Circuit Court of Macon County for a trial de novo.

**B.    Federal Habeas Petition**

On April 29, 2019, Jackson filed a petition for writ of habeas corpus in this Court arguing, among other things, that the juvenile court's February 15, 2019 contempt order violated his right to due process. Doc. 1. This Court ordered Jackson to clarify his claims (Doc. 8), and Jackson filed an amended 28 U.S.C. § 2254 petition reasserting his claim that the contempt order violated his right to due process and arguing that the juvenile court lacked jurisdiction over his case and was being used as "a modern day debtors' prison"

---

[2] According to Respondents, Jackson had not been arrested or incarcerated under the warrant by July 12, 2019. Doc. 14-6

(Doc. 9 at 5–10). Respondents have filed an answer arguing that Jackson's claims are unexhausted and procedurally defaulted and that his § 2254 petition should be dismissed with prejudice. Doc. 14.

## I.   DISCUSSION

**A.   Nature of Jackson's Federal Habeas Petition**

Jackson's challenge to the juvenile court's civil contempt order is before this Court on a petition for writ of habeas corpus under 28 U.S.C. § 2254.

> There is no clear consensus on whether a challenge to a civil contempt order should properly be under the general federal habeas statute, 28 U.S.C. § 2241[,] or 28 U.S.C. § 2254, which applies to a petition by "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The Supreme Court has indicated that "past decisions have limited [§ 2254]'s availability to challenges to state-court judgments in situations where—as a result of a state-court criminal conviction—a petitioner has suffered substantial restraints not shared by the public generally." *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 510 (1982). However, the Supreme Court has also (albeit in dicta) suggested that a § 2254 petition "may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt." *Duncan v. Walker*, 533 U.S. 167, 176 (2001).

*Hayden v. Hale*, No. 2:15cv-1984, 2017 WL 3574692, at *3 (N.D. Ala. Aug. 1, 2017).

The Eleventh Circuit has not directly addressed which statute, § 2254 or § 2241, applies, and other circuits have applied both. *See Armstrong v. Guccione*, 470 F.3d 89, 96 (2d Cir. 2006) (§ 2241 petition); *Chadwick v. Janecka*, 312 F.3d 597, 600 (3d Cir. 2002) (§ 2254 petition). Regardless of which habeas statute provides the proper basis to analyze Jackson's federal habeas petition, the petition is due to be dismissed as unexhausted.[3]

---

[3] The undersigned notes that when this Court ordered Jackson to clarify the claims in his original petition, which he styled as a "Petition for Writ of Habeas Corpus/Original Jurisdiction" (Doc. 1),

3

## B. Exhaustion and Procedural Default

Respondents argue that Jackson's claims are unexhausted and procedurally defaulted. Doc. 14. A federal court may not grant a habeas petition seeking relief from a state court judgment unless the petitioner has exhausted his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (analyzing exhaustion under § 2254). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Jackson challenges the civil contempt order entered by the Macon County Juvenile Court. Under Rule 28 of the Alabama Rules of Juvenile Procedure, a party seeking review of a final order or judgment of the juvenile court must present his claims to (a) the Alabama Court of Civil Appeals, in a direct appeal, if there is an adequate record of the juvenile court proceedings (*see* Ala. R. Juv. P. 28(A), or (b) where there is an <u>inadequate</u> record of the juvenile court proceedings, by appeal to the county's circuit court for a trial de novo (*see* Ala. R. Juv. P. 28(B), then in an appeal to the Court of Civil Appeals; and after appeals to the Court of Civil Appeals, by petition for discretionary review in the Alabama Supreme Court. Because Jackson did not seek review of the juvenile court's contempt order, he failed to exhaust his claims through one complete round of state-court appellate review. And it is now too late for him to return to state court to seek review of the contempt order

---

this Court directed him to submit an amended § 2254 petition using the form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 8 at 1–2.

entered on February 15, 2019. *See* Ala. R. Juv. P. 28(D) (party has 14 days to file written notice of appeal from juvenile court's final order or judgment, whether appeal is to the appellate court or to the circuit court for trial de novo). Jackson's claims are procedurally defaulted.

C.     **Overcoming Procedural Default**

A habeas petitioner can overcome a procedural default either through (1) showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or (2) establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo,* 513 U.S. 298, 324–27 (1995). Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id*. at 494 (internal quotations and emphasis omitted). Prisoners asserting actual innocence as a gateway to review of procedurally defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327.

Although given an opportunity by this Court to do so (Doc. 15), Jackson asserts no grounds as cause excusing his procedural default, and he does not present a colorable claim of actual innocence. His claims are therefore foreclosed from federal habeas review.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **March 30, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 16th day of March 2022.

                    /s/  Charles S. Coody
                    CHARLES S. COODY
                    UNITED STATES MAGISTRATE JUDGE